# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE FELIX, JR., | CASE NO. 08cv660 |
| Plaintiff, | **ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |
| vs. | |
| UNITED STATES, | |
| Defendant. | |

Guadalupe Felix petitions for release from federal custody contending that he has completed the imprisonment part of his federal sentence. The Court held evidentiary hearings on his habeas petition on September 2, October 20, and November 3, 2008. In an order dated October 6, 2008, the Court made findings of fact and conclusions of law. The Court incorporates that order herein and makes the following supplemental findings of fact and conclusions of law.

Guadalupe Felix was returned to state custody for violation of parole on November 12, 2005. On November 30, 2005 he waived a parole violation hearing and agreed to a parole violation sentence of twelve months imprisonment with no custody credits. This sentence was imposed at the parole hearing on November 30, 2005. The sentence was not designated to be concurrent or consecutive to any federal sentence. The Court's previous order of October 2, 2008 found that the sentence was intended to be concurrent to a federal sentence. This conclusion was based on the then existing record. However, the testimony of state parole agent Michael Bell and the exhibits admitted at the November 13, 2008

hearing demonstrate that the parole sentence was not designated as either concurrent or consecutive. See Ex. 1, Page 4, Ex.2, and Ex. 3 (11-13-08). Rather, the sentence was silent in that regard.

On December 1, 2005, Felix was released temporarily from state custody to the U.S. Marshals on the writ of habeas corpus issued on November 24, 2005. Felix remained in federal custody pending resolution of the two federal indictments against him. The state parole authorities credited the time he was in federal custody against his parole revocation sentence. His parole revocation sentence expired on November 11, 2006, twelve months after he was first placed at R.J. Donovan State Prison. While in federal custody, the period of December 1, 2005 to November 11, 2006, was credited against Felix's parole violation sentence.

When Felix was released to the U.S. Marshals on December 1, 2005, the state did not relinquish primary jurisdiction because the release was temporary and pursuant to a writ of habeas corpus. Taylor v. Reno, 164 F. 3d 440, 445–46 (9th Cir. 1998). Thus, Felix continued to serve his state sentence while in federal custody. The state parole authority credited Felix with each day he was in federal custody. Therefore, his parole violation sentence expired while he was still in federal custody. 18 U.S.C. § 3585 (b) provides that a defendant gets credit towards his sentence for any time spent in federal custody prior to sentencing "that has not been credited towards another sentence." Since Felix's time in federal custody between December 1, 2005 and November 11, 2006 was credited against the parole violation sentence, he does not get credit for it against his federal sentence. Therefore, the Bureau of Prisons is not holding Felix beyond the expiration of his sentence. The petition for habeas corpus relief is DENIED.

///
///
///
///
///

1   The Court grants Felix a certificate of appealability on the claim that he should receive
2 sentence credit for the period of December 1, 2005 to November 11, 2006.
3   The Clerk shall enter judgment denying the habeas corpus petition and issuing a
4 certificate of appealability.
5 **IT IS SO ORDERED.**
6 DATED:  November 14, 2008

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge